# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 CR 38 | DATE | February 3, 2003 |
| CASE TITLE | *United States of America v. Esawi, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, Defendants' Motion For Disclosure of Favorable Evidence [149-1] is GRANTED to the extent set forth herein; For Early Return of Trial Subpoenas [146-1] is GRANTED; For a <u>Santiago</u> Proffer is GRANTED as moot; For Notice of Use of Rule 404(b) Evidence [149-8, 157-1] is GRANTED to the extent set forth herein; For Payment of Travel Expenses [145-1] and Appointment of an Investigator [147-1] is GRANTED as to Defendant Banieh; and For Disclosure and Other Relief [138-1] is GRANTED with respect to the request for <u>Brady</u> material but otherwise DENIED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 6 - 2003 date docketed | |
| | Docketing to mail notices. | | | 166 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | Hon. Blanche M. Manning |
| v. | ) | |
| | ) | 02 CR 038 |
| ESAWI, et. al, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
FEB 6 2003

## MEMORANDUM AND ORDER

Defendants were indicted on charges of conspiring to knowingly possess, import, with intent to distribute millions of tablets of pseudoepherdrine, a List I chemical, knowing and having reasonable cause to believe that this chemical would be used to manufacture metamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841, 846, and 963, and 18 U.S.C. § 2. The present matter comes before this Court on Defendants pretrial motions.[1]

I. **Motion for Disclosure of Favorable Evidence**

Defendants have moved this Court, pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), for an order requiring the Government to produce all evidence that is favorable to Defendants and material to issues of guilt, innocence, or sentencing or which bears upon the credibility of the Government's witnesses.

The Government has agreed, to the extent it has not done so already, to disclose evidence relating to its obligations under Brady, Giglio, and 18 U.S.C. § 3500 at least 21 days prior to trail.

---

[1] This Court has entered an order granting Defendants' motion that any pretrial motion brought by any Defendant will be considered by this Court as having been brought by all Defendants.

Consequently, to the extent the Government is required to do so, Defendants' motion for discovery is GRANTED as to Brady, Giglio, and section 3500 material.

## II.    Motion for a Santiago Statement

Defendants have also moved for an order requiring the Government to file, before trial, a written Santiago proffer for determining the admissibility of any alleged co-conspirator statements. The Government acknowledges its obligations under Santiago and proposes to tender its Santiago proffer no later than 30 days prior to the trial. The Court believes that, under the present circumstances, 30 days is a sufficient time for Defendants to analyze and assimilate the Santiago material in preparation for trial. Defendants' motion for a Santiago proffer is accordingly GRANTED and the Government is ordered to submit a written Santiago proffer no later than 30 days before trial.

## III.   Motions For Notice of Intention to Use Other Crimes, Wrongs, and Acts Evidence

Defendants additionally seek notice of the Government's intention to use other crimes, wrongs, or acts evidence. Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he likely acted in conformity therewith on a particular occasion. Fed. R. Evid. 404(b). The purported rationale for the exclusion of evidence of other crimes, wrongs, or acts is that such evidence is of slight probative value and tends to distract the trier of fact from the facts at issue. United States v. Smith, 103 F.3d 600, 602 (7th Cir.1996). This evidence may be admissible, however, for any other relevant purpose including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Id.

Rule 404(b) requires that the government, upon request of the defendant, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. The purpose of this notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Sen Rep. No. 93-1277. This Rule does not, however, provide for unbridled discovery and, to that end, the government need only "appraise the defense of the general nature of the evidence of extrinsic acts." Id.

The Government acknowledges its obligations under Rule 404(b). The Court believes that, under the present circumstances, 28 days is sufficient for Defendants to analyze and assimilate Rule 404(b) material in preparation for trial. By providing this information 28 days before trial, the Government will meet Rule 404(b)'s provision requiring "reasonable notice" in advance of trial. Fed. R. Evid. 404(b). Accordingly, Defendants' motion for notice of the government's intention to use Rule 404(b) material is GRANTED to the extent that it requests "the general nature" of the evidence of extrinsic acts.

### IV. Motion for Payment of Travel Expenses and Appointment of an Investigator

The Government does not object to the motion for payment of travel expenses and appointment of an investigator as to Defendant Banieh, the only Defendant with a court appointed attorney in this case. Therefore, the Court GRANTS this motion with respect to Defendant Banieh, but DENIES the motion with respect to the remaining Defendants.

### V. Motion for Early Return of Trial Subpoenas

The Government does not object to Defendants' motion for early return of trial subpoenas. Thus, the Court GRANTS this motion and orders early return of all trial subpoenas.

The Court also GRANTS Defendant Banieh's motion for waiver of costs associated with the early return of subpoenas.

## VI. Motion for Disclosure and Other Relief

Defendants also seek an order requiring the Government to: (A) submit a written submission as to how it exercised "reasonable care to prevent dissemination" of information contained in news stories regarding this case; (B) turn over all relevant documents of any kind relating to the statements made by the DEA in news stories on this case; and (C) reveal whether it has recorded conversations between Defendants and their attorneys under 28 CFR 501.3(d). The Court will address each of these requests in turn.

### A. Pretrial Publicity

Pursuant to this District's Local Rule 83.53.8, Defendants seek an order requiring the Government to submit a written submission as to how it exercised "reasonable care to prevent dissemination" of information contained in news stories regarding this case. In these stories, attached as exhibits to the motion, a DEA "administrator" purportedly stated that the profits from the alleged drug ring in this case were funneled to bank accounts in the Middle East which have been connected to terrorist groups.

Local Rule 83.53.6, "Trial Publicity," states, in relevant part, that:

(a) A lawyer shall not make an extrajudicial statement the lawyer knows or reasonably should know is likely to be disseminated by public media and, if so disseminated, would pose a serious and imminent threat to the fairness of an adjudicative proceeding.

(b) A statement referred to in section (a) ordinarily is likely to have such an effect when it refers to a civil matter triable to a jury, a criminal matter, or any other proceeding that could result in incarceration, and the statement relates to:

> (1) the prior criminal record (including arrests, indictments or other charges of crime), the character or reputation of the accused, or any opinion as to the

accused's guilt or innocence, as to the merits of the case, or as to the evidence in the case . . .

(6) information that the lawyer knows or reasonably should know would be inadmissible as evidence in a trial.

Local Rule 83.53.8(c), "Special Responsibilities of a Prosecutor," states that:

A public prosecutor or other government lawyer in criminal litigation shall exercise reasonable care to prevent investigators, law enforcement personnel, employees or other persons assisting or associated with the prosecutor in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under LR83.53.6.

Here, while the information contained in the newspaper articles appears to fall within the scope of Local Rule 83.53.6, Defendants have not shown how the three articles, all of which were published on the same date September 2, 2002, will "pose a serious and imminent threat to the fairness" of this trial, which is scheduled to begin in April of 2003. Moreover, according to the Government, all of the statements in the articles were made by a DEA agent in Washington, D.C., over whom the AUSA in this case has no authority.

### B. Disclosure of Favorable Evidence

Defendants also seek an order, pursuant to Brady, requiring the Government to turn over all relevant documents of any kind relating to the statements made by the DEA in news stories on this case. As discussed above, the Government acknowledges its obligations under Brady and will turn over all Brady related information. Therefore, this Court GRANTS this motion with respect to the request for Brady material but DENIES the motion with respect that this motion seeks any material outside the scope of Brady.

## C. Recoding of Attorney/Client Conversations

Defendants also seek an order requiring the Government to reveal whether it has recorded conversations between Defendants and their attorneys under 28 CFR 501.3(d).

Section 501.3(d) states that:

In any case where the Attorney General specifically so orders, based on information from the head of a federal law enforcement or intelligence agency that reasonable suspicion exists to believe that a particular inmate may use communications with attorneys or their agents to further or facilitate acts of terrorism, the Director, Bureau of Prisons, shall, in addition to the special administrative measures imposed under paragraph (a) of this section, provide appropriate procedures for the monitoring or review of communications between that inmate and attorneys or attorneys' agents who are traditionally covered by the attorney-client privilege, for the purpose of deterring future acts that could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons.

(1) The certification by the Attorney General under this paragraph (d) shall be in addition to any findings or determinations relating to the need for the imposition of other special administrative measures as provided in paragraph (a) of this section, but may be incorporated into the same document.

(2) Except in the case of prior court authorization, the Director, Bureau of Prisons, shall provide written notice to the inmate and to the attorneys involved, prior to the initiation of any monitoring or review under this paragraph (d). The notice shall explain:

(i) That, notwithstanding the provisions of part 540 of this chapter or other rules, all communications between the inmate and attorneys may be monitored, to the extent determined to be reasonably necessary for the purpose of deterring future acts of violence or terrorism;

(ii) That communications between the inmate and attorneys or their agents are not protected by the attorney-client privilege if they would facilitate criminal acts or a conspiracy to commit criminal acts, or if those communications are not related to the seeking or providing of legal advice.

(3) The Director, Bureau of Prisons, with the approval of the Assistant Attorney General for the Criminal Division, shall employ appropriate procedures to ensure that all attorney-client communications are reviewed for privilege claims and that any properly privileged materials (including, but not limited to, recordings of privileged communications) are not retained during the course of the monitoring. To protect the attorney-client privilege and to ensure that the investigation is not compromised by

exposure to privileged material relating to the investigation or to defense strategy, a privilege team shall be designated, consisting of individuals not involved in the underlying investigation. The monitoring shall be conducted pursuant to procedures designed to minimize the intrusion into privileged material or conversations. Except in cases where the person in charge of the privilege team determines that acts of violence or terrorism are imminent, the privilege team shall not disclose any information unless and until such disclosure has been approved by a federal judge.

After reviewing section 501.3(d), the Court finds that Defendants' motion is moot because under subsection (d)(2), the Government or the Bureau of Prisons would have been required to notify Defendants and their attorneys of any recording of privileged communications.

Accordingly, this Court this Court GRANTS this motion with respect to the request for Brady material but otherwise DENIES the motion.

## CONCLUSION

For the foregoing reasons, Defendants' Motion

- For Disclosure of Favorable Evidence [149-1] is GRANTED to the extent set forth herein;

- For Early Return of Trial Subpoenas [146-1] is GRANTED;

- For a Santiago Proffer is GRANTED as moot;

- For Notice of Use of Rule 404(b) Evidence [149-8, 157-1] is GRANTED to the extent set forth herein;

- For Payment of Travel Expenses [145-1] and Appointment of an Investigator [147-1] is GRANTED as to Defendant Banieh; and

- For Disclosure and Other Relief [138-1] is GRANTED with respect to the request for Brady material but otherwise DENIED.

It is so ordered.

**ENTER:**

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: FEB 03 2003